## BERRY vs. WARING.—June, 1827.

In an action to recover the value of work and labour performed in the defendant's service, he cannot give in evidence the declarations of the mother of the plaintiff, that she had sent the plaintiff to serve the defendant under an agreement between her and the defendant, that the plaintiff was to serve for his victuals and clothes, although the plaintiff, at the time he went into the defendant's service was a minor, and his mother was his only parent then alive.

The fact that a witness had once seen an entry in a Bible belonging to the plaintiff's father, in his handwriting, of the birth of the plaintiff, which Bible was not produced, nor its absence accounted for at the trial, does not preclude such witness from stating his recollection of the time of the plaintiff's birth, independently of the entry.

APPEAL from *Prince-George's* County Court. This was an action of *assumpsit,* brought on the 1st of March 1823, for work and labour. The defendant, (the appellant,) pleaded *non assumpsit,* and issue was joined.

1. At the trial, the plaintiff, (the appellee,) proved that he came to live with the defendant in June 1820, as an overseer, and

continued to reside with him in that capacity for a year. The defendant then offered evidence to prove, that at the time of the plaintiff's so going to live with him, the defendant, he was a minor, living with his mother, since dead, his only surviving parent; and offered to prove that his said mother declared to the witness of the defendant, about one month after the plaintiff had entered as aforesaid into the defendant's service, that she had sent him to serve the defendant, under an agreement between her and the defendant that the plaintiff was to serve the defendant for a year, for his victuals and clothes. But the plaintiff objected to the said declaration of the mother, under said circumstances, being given in evidence, as incompetent. The Court, [*Stephen*, Ch. J. and *Key* and *Plater*, A. J.] sustained the objection, and refused to let the evidence of the said declaration go to the jury. The defendant excepted.

2. The plaintiff having proved that he went to live with the defendant in the month of June 1820, as an overseer, for one year, and rendered services as such during that period, the defendant then proved that the plaintiff was living with his mother, his only surviving parent, at the time when he went as aforesaid to live with the defendant, and that she hath died since he left his employment with the defendant. The defendant then produced a competent witness, the uncle of the plaintiff, and offered to prove by him, that he did not recollect the day or the year of the plaintiff's birth; that he knew he was born after the year 1800, but did not remember the year; that he remembered that he, the witness, was a stout boy when the plaintiff was born, and that he had such a recollection of the time of his birth as enabled him to say that he was certainly under 21 years of age at the time he left the defendant's service as aforesaid. But when asked, gave no reason for his recollection, other than the facts herein stated. But the court, as the said witness had stated that he had once seen an entry in the Bible of the plaintiff's father, and in his handwriting, of the birth of the plaintiff, refused to let the said evidence, so offered, be given to the jury; although the said witness, at the same time, stated that the plaintiff's father was long since dead, and that he had never seen the Bible since the death of the plain-

tiff's mother, in whose possession the Bible was when he last saw it, and that he did not know in whose possession it passed when she died; that no person had administered on her estate; that he did not know whether the Bible was now in existence or not, and that he had made no inquiry about the Bible, nor any search for it; and the defendant offered no evidence that he had made any search or inquiry for the Bible. The defendant excepted; and the verdict and judgment being for the plaintiff, the defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, and MARTIN, J.

*J. Johnson*, for the Appellant, contended, 1. That the court below erred in refusing to admit the declarations of the mother of the plaintiff below to be given to the jury. 2. That the court below erred in rejecting the evidence of the uncle of the plaintiff.

1. On the *first* point, he cited 1 *Phil. Evid.* 187, 188, 195.

2. On the *second* point, he cited 3 *Bac. Ab.* tit. *Guardian*, 404. *Freto vs Brown*, 4 *Mass. Rep.* 675.

*Mitchell*, for the Appellee. 1. On the *first* point he cited 2 *Stark. Evid.* 40. 1 *Phill. Evid.* 180. *Rex vs Erith*, 8 *East*, 542. *Herbert vs Tuckal*, Sir *T. Raym.* 84. He insisted that the mother had no interest of any nature or kind in the suit. She was not bound to support her child, although under her roof, and likely to become burthensome on the parish. That a father was not entitled to the earnings of his child when not under his roof, nor was the mother. *Freto vs Brown*, 4 *Mass. Rep.* 675. *Reeves Dom. Rel.* 520. *Cooper vs Martin*, 4 *East*, 76, 82. *Dean vs Peel*, 5 *East*, 45. 2 *Esp. Evid.* 281. 3 *Stark. Evid.* 1764, *(note 1,)* 1765.

2. On the *second* point, he cited 1 *Stark. Evid.* 46, *s.* 27; 48, *s.* 29. 3 *Bac. Ab.* tit. *Infancy and Age,* (D.) 2 *Phill. Evid.* 148, 149.

*J. Johnson,* in reply, referred to *Daws v Howell,* 4 *Mass. Rep.* 97. *Mercer vs Walmsley,* 5 *Harr. & Johns.* 27.

THE COURT concurred with the court below in the opinion expressed in the *first* bill of exceptions; but dissented from the opinion in the *second* bill of exceptions.

JUDGMENT AFFIRMED.